WILLIAM CAMPBELL FIELDING, *Appellant,* v. CORA STEWART FIELDING, *Appellee.*

Opinion Filed February 18, 1914.

1. In a bill for divorce upon the ground of desertion, it is sufficient to allege the statutory language, coupled with the statement that the husband without cause left the wife penniless and continued away from her for the statutory period, without in anywise contributing to her support.

2. When the husband without cause abandons the wife, and makes no offer to resume the marital relation, she will not be denied a divorce because she makes no effort to bring him back.

Appealed from Circuit Court for Duval County; Daniel A. Simmons, Judge.

Decree affirmed.

*D. C. Campbell,* for Appellant;

*Axtell & Rinehart,* for Appellee.

. COCKRELL, J.—This is an appeal from a decree of divorce granted the wife, upon the statutory ground of "wilful, obstinate and continued desertion of complainant by defendant for one year."

The allegations of the bill as to desertion are: "That your oratrix and the defendant, William Campbell Fielding were married in Volusia County, Florida, on the 21st day of February, 1909; that your oratrix and the said defendant lived together as man and wife at Sanford, in Orange County, Florida, from about the date of their said marriage up to and until on or about the said 25th day of May, A. D., 1910; that on or about the said 25th day of May, A. D., 1910, the said defendant, without any just cause, deserted your oratrix at Sanford, Florida, leaving her without any money and without any means of support; that the said defendant has not since that date resided with your oratrix and has not in any way contributed to her support; that the said desertion of your oratrix has continued since the said date and has been wilful, obstinate and continued for more than one year prior to the filing of this bill; that the said defendant deserted your orathix without any just cause and that your oratrix has always demeaned herself in a proper manner and had performed all of her duties towards the said defendant as his wife prior to said desertion; that there was no issue born of said marriage; that since that date your oratrix has been compelled to support herself by her own efforts, without any aid or assistance from the said defendant."

The first error assigned questions the sufficiency of the pleading, as being mere conclusions of law, and in that it fails to show a demand and refusal to return to the cohabitation, or to contribute, or that the husband had sufficient means to contribute, or that the wife was unable to support herself. These objections, though urged on a demurrer to the bill, are untenable. We have not merely a reiteration of the statutory language, but the specific statement of fact that the husband without just cause left the wife penniless, and continued away from her for more than one year, without in any wise contributing to her support.

In Walker v. Walker, 64 Fla, 536, 59 South. Rep. 898, we held that if a husband by his own act intentionally brings the cohabitation to an end and by his own acts keeps it at an end for the statutory period, showing no evidence of a reasonable purpose to renew his marital relations, he is guilty of desertion and she is entitled to a divorce on that ground. See also Hunt v. Hunt 61 Fla. 630, 54 South. Rep. 390.

If the failure of the husband to return or to contribute was due to providential cause, or to the acts or conditions of the wife, these would be defensive matters.

The evidence would support a finding that the husband abandoned the wife, at a time when she was most needy, and made no effort until after the statutory time had elapsed and the bill had been filed, to perform any marital duty, and even then the slight effort made was with a view solely to render some financial assistance as being less expensive than the divorce proceedings. He makes no offer to resume the marital relation.

The only weakness we observe in the complainant's case is the absence of effort on her part to bring back the errant husband, but the courts do not hold the wife

to the same accountability for failure to seek the return of her husband. Sargent v. Sargent, 9 Stewart's Eq. (N. J.) 644.

The decree is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHIT-FIELD, J. J., concur.