HULON R. VAN, *Appellant and Cross Appellee,* v. GLADYS R. VAN, *Appellee and Cross Appellant.*

Division B.

Opinion filed August 5, 1930.

Petition for rehearing denied September 4, 1930.

*Whitaker Bros.* for Appellant and Cross Appellee;

*Hampton & Bull,* for Appellee and Cross Appellant.

BUFORD, J.—The appellee filed bill of complaint against appellant for separate maintenance. She charged that the defendant was guilty of cruel and inhuman treatment toward the complainant.

The defendant filed an answer and in his answer included allegations of cruel and inhuman treatment on the part of the complainant toward the defendant and prayed affirmative relief by way of divorce. There is no specific allegation of extreme cruelty as a ground for divorce but the allegations and evidence show extreme cruelty to the husband by the wife.

There were two decrees. The first was as follows:

"If the bill of complaint is based upon and brought under the provisions of Section 3196 of the Revised General Statutes the evidence offered on the part of the complainant is insufficient, but if the bill of complaint is grounded upon the provision of Section 3197 the evidence is sufficient. I am very clearly of the opinion that the allegations of the bill places the case squarely under the provisions of Section 3196 instead of 3197 so that the bill should be and is hereby dismissed. See Marsicano v. Marsicano, 84 So. R. 156."

The next decree was as follows:

"The Court having heard argument of counsel and considered the testimony and pleadings in said cause, it is

"ORDERED, ADJUDGED AND DECREED that the defendant, Hulon R. Van, is denied a divorce, as prayed in his affirmative answer.

"It is further ORDERED that the defendant, Hulon R. Van, shall be entitled to have the custody of the child of complainant and defendant, to-wit, Hula Van, on Sunday of each week during the entire day, but shall return said child to the complainant not later than 8:00 o'clock in the evening of each Sunday."

The decree first above quoted dismissing the bill of complaint should be affirmed.

If the bill of complaint is based upon Section 3196, Rev. Gen. Stats., it should have been dismissed because the evidence failed to show that grounds for divorce existed and, if based upon Section 3197, Rev. Gen. Stats., it should be dismissed because the evidence failed to establish the fact that the complaining wife was living apart from her husband through his fault.

The answer filed by the defendant sets up allegations supporting the prayer for affirmative relief in that the allegations allege extreme cruelty by the complainant to the defendant.

In Baker v. Baker, 94 Fla. 1001, 114 So. R. 661, this Court speaking through Mr. Justice Terrell, say:

"If extreme cruelty is relied on, physical violence or such treatment of abuse as damages health, or causes a constant apprehension of physical violence, renders cohabitation intolerable or makes it impractical to discharge marital duties, must be shown."

It will be observed that it is not held in that case that if extreme cruelty is relied on physical violence must be shown *and* such treatment or abuse as damages health or causes a

constant apprehension of physical violence, *and* renders co-habitation intolerable, *and* makes it impractical to discharge marital duties, but it is sufficient if amongst other things it be shown that the party charged was guilty of such treatment as makes it impractical to discharge marital duties.

The undisputed evidence in this case shows that the conduct of complainant towards the defendant was not only such as to make it impractical for him to discharge marital duties, but it was also such as to render cohabitation entirely intolerable. The attitude of the complainant and the statements of the complainant as a witness in this case show that she was full of hatred and venom toward the defendant; that she was without any regard and consideration for him and that her conduct toward him for some months preceding the final separation, while not using physical force and physical violence, was sufficient to have caused any spouse with the proper ideals of the relations that should exist between husband and wife to suffer more heartache, pain and anguish than she might have inflicted by indulging in physical violence. Her testimony shows conclusively that the defendant could have no hope of reconciliation and resuming the marriage relations with her and lead a life which would be anything but intolerable.

It is, therefore, considered that the decree last above quoted insofar as it denied a divorce to the defendant, Hulon R. Van, should be reversed.

Appellee has filed a petition praying an order of this Court requiring the appellant to pay to her for expenses for her solicitor in presenting this case to this Court the sum of $50.00. The petition should be granted.

This cause is affirmed in part and reversed in part, as hereinbefore indicated, and is remanded to the circuit court with directions that the chancellor grant a decree of divorce as prayed by the defendant in the court below and requiring the defendant in the court below to pay to the complain-

ant the sum of $50.00 for her solicitor's fees and expenses in presenting this case on oral argument before this Court and that he make such further order as he may deem proper concerning the custody and maintenance of the infant child of the parties hereto. The costs of this appeal should be taxed against the appellant.

It is so ordered.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., concurs in the opinion and judgment.