MARGARET ROEBLING v. DONALD ROEBLING.

161 So. 715.

Division A.

Opinion Filed May 4, 1935.

Rehearing Denied May 25, 1935.

Francis P. Whitehair, Edgar John Phillips, Harry L. Thompson, and Hull, Landis & Whitehair, for Appellant.

M. A. McMullen, Chester B. McMullen and Cyril E. Pogue, for Appellee.

PER CURIAM.—This case has been well argued and ably briefed, but as the orders appealed from are interlocutory, we do not deem it necessary to set out in detail the facts alleged in the bill, nor discuss at any length the reasons why we hold that the lower court was free from error in upholding the sufficiency of the appellee's bill as against the mo-

tion to dismiss, and the motions to require amendment so as to state the plaintiff's case with greater particularity.

The recent chancery practice statute commands that all pleadings in equity shall be expressed "in as brief and succinct terms as reasonably practicable." We understand the gist of the bill, in so far as this subject of "extreme cruelty" is concerned, to charge a course of conduct, or a series of acts of misconduct, which amounted to extreme cruelty as defined in Prall v. Prall, 58 Fla. 496, 50 So. 867, though perhaps no single instance of such conduct, standing alone, would have been sufficient to sustain the charge. Just as it is the constant dropping of water that wears away the stone, so a constant, studied course of conduct, consisting of many incidents over a period of months or years, may so thoroughly evidence the repulsion, hatred or contempt of one spouse for the other as to seriously injure and endanger the health of such other, though not a lick be struck nor a bone broken, and this may go to such an extent as to render it impracticable for the one so injured to discharge with reasonable safety the marital relations. The case above cited recognizes the fact that such injury or danger may be mental as well as physical.

As to condonation, the general rule is that it is an affirmative defense which must be specially pleaded. We are not clearly convinced that the Chancellor was wrong in applying the general rule to the bill filed in this case, and in holding that it was not necessary for the plaintiff to expressly negative condonation in the bill. See 9 R. G. L. 386, and Newton v. Newton (N. J.), 97 Atl. 297, Fekany v. Fekany, 160 Sou. Rep. 192.

Affirmed.

WHITFIELD, C. J., and BROWN and DAVIS, J .J., concur.

ELLIS, P. J., and TERRELL, and BUFORD, J. J., concur in the opinion and judgment.

### REHEARING DENIED.

PER CURIAM.—The bill of complaint contains allegations under which extreme cruelty may be shown. As to the other ground for divorce alleged in the bill, as to which appellant claims the bill shows condonation because the parties continued thereafter to live together as husband and wife for some nine months, the bill does not show when the complainant became aware of the alleged commission of such acts so alleged as constituting such ground, and as there could be no condonation without knowledge, we cannot say that the court below was clearly in error in sustaining the sufficiency of the bill when the same is considered in the light of the authorities cited in our former opinion.

Rehearing denied.

WHITFIELD, C. J., and TERRELL, BROWN, BUFORD, and DAVIS, J. J., concur.

ELLIS, J., dissents.