JOHN D. GRADY v. ALICE GRADY.

167 Sou. 522.

Opinion Filed April 11, 1936.

*MacWilliams & Upchurch* and *Frank D. Upchurch,* for Appellant;

*Dunham & Meitin* and *Amadeo A. Meitin,* for Appellee.

PER CURIAM.—The appeal herein is from an order denying a motion to strike parts of the bill of complaint and denying a motion to dismiss the bill of complaint, which was filed February 21, 1935.

After stating detailed relevant facts as to the defendant husband's conduct, in support of the allegations of ultimate facts, the bill of complaint alleges "that plaintiff became so ill and upset that she was on the verge of a nervous breakdown. That due to defendant's gambling, stealing and forging of checks, she suffered intense mental anguish and anxiety so that she was forced to seek security with her family, until such time as Defendant could behave himself and furnish a comfortable home and proper surroundings for plaintiff and their baby.

"NINTH. Your oratrix further shows that after she had been compelled to come live with her family here in St. Augustine, Florida, the defendant paid her several visits.

On several of these visits he would promise that he would come get her; that on nearly all of these visits they would get into heated arguments, causing plaintiff to become very nervous and causing plaintiff great mental anguish. In July of 1932, defendant paid a visit to plaintiff and their baby here in St. Augustine, Florida, and promised plaintiff he would mend his ways and come after her in October, but defendant never kept his promise, nor has he provided a home for plaintiff nor requested her to return and live with him. That since July of 1932, plaintiff has not seen the defendant; that since December of 1930, plaintiff with the help of her father and mother has had to support herself and her baby; that since defendant left plaintiff here in St. Augustine in July of 1932, his desertion has been intentional, obstinate, willful and continuous, for more than one year.

"TENTH. Your oratrix therefore charges and avers that the defendant has been guilty of extreme cruelty to her; that the defendant has been guilty of intentional, obstinate, willful and continuous desertion for more than one year."

Defendant moved to strike "all of paragraph numbered ninth" and "the following portion of paragraph numbered tenth: That the defendant has been guilty of intentional, obstinate, willful and continuous desertion for more than one year."

The ninth paragraph with other paragraphs quoted and not quoted are pertinent to the grounds for divorce set out in the tenth paragraph. Such allegations taken with others are sufficient to sustain the order denying the motions to strike the quoted portions and to dismiss the bill of complaint.

Affirmed.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.