### E. H. Dowdy v. Eva F. Dowdy

181 So. 901.
Opinion Filed June 4, 1938.

Per Curiam.—Demurrer to amended bill of complaint in which the following allegations as grounds for divorce appeared, to-wit:

"4. (a)    That during the entire married life of the parties hereto said defendant has been guilty of extreme cruelty toward plaintiff, which extreme cruelty has increased until the married life of the parties has become intolerable, and it has become impracticable for plaintiff to discharge her marital duties.

"(b)    That during the entire married life of the parties hereto they resided in a home owned by plaintiff on which there was a mortgage payable in monthly installments of Twenty-six Dollars ($26.00) each month, and that except for the first year of their marriage, defendant has wholly failed, neglected and refused to pay said mortgage installments, and has never paid the taxes, insurance, repairs, painting, landscaping or other charges in connection with

said premises, but has forced and compelled plaintiff to do so at her own expense, even compelling her to pay the newsboy, take care of her own laundry and that of other members of the family, and to pay for the service of a maid whenever she had one, but at the same time said defendant would take his own laundry out and have it done away from the house.

"(c)  That during the entire married life of the parties, defendant has failed, neglected and refused to pay her dental, medical, hospital and other expenses and has never purchased her any clothes.  That said defendant during almost the entire married life of said parties has enjoyed a large income as manager, and later owner, of different grocery stores, but has never furnished her with any funds or paid out anything for her other than for electric and telephone bills and furnishing of food.

"(d)  That during almost the entire married life of the parties, their married life has been one of bickering and unpleasantness, and for almost the last year that said parties lived together said defendant refused to speak to her or to telephone or notify her when he was going to be late or remain away from the house, and that on occasions when she has been ill at home he has refused and neglected to call medical attention for her, and to go to the drug store for medicine and to step to the door to pay for the same.

"(e)  That during almost the entire married life of said parties, defendant has threatened to leave and desert plaintiff, and during the last year that they remained together, he kept his bags packed to leave, and threatened to do so on numerous occasions, even setting the time when he was going to leave; and in February, 1937, he backed a truck up to the house and removed all of his belongings therefrom and remained away for about six weeks.

"(f)   That although she has children and grandchildren in the city, he forbid her to go to see them on a threat of leaving her, and thereby kept her from her children and grandchildren for about one year, and thereafter when her daughter did come to visit her, said defendant refused to speak to her.

"(g)   That said defendant has not been congenial, and when she would request that he notify her if he was going to be late for meals, which she always kept warm for him, he would come in with cold cuts and refuse to eat the food she had prepared for him, thereby embarrassing her before their guests.

"(h)   That said defendant has been insanely jealous of her, and demands that she account to him for each and every minute of her time, and wants to know where she goes and whom she sees or has seen, and on many occasions he has secretly followed her to her great embarrassment, even to objecting to her going to see her daughters and granddaughters, and on occasion telling her exactly where she had been and exactly how many minutes she had spent in various places.

"(i)   That plaintiff has almost during their entire life been generous with said defendant and has given him a great deal of money without asking for any accounting thereof, but in spite of this, he fails, neglects and refuses to tell her anything about his business affairs, and only a few months ago constructed a new store building entirely without her knowledge and partly with her funds.   That to assist him in his business, she arranged in July, 1935, for him to borrow Seven Hundred Dollars ($700.00) on a note, in which she joined, and gave an assignment of her interest in the estate of her father to that extent, and that thereafter said defendant refused to pay said obligation although he was well able to do so, and stated that he had

no intention of paying the same and considered it a gift and was going to force her to pay the same out of her inheritance.

"(j)    That said defendant also borrowed money from a sister of this plaintiff on a note in which she joined with him, and later made other loans from plaintiff's said sister without her knowledge, which he has neglected to pay although the same are long past due and defendant is now being sued for the same.

"(k)    That during 1935 plaintiff and defendant had a joint bank account in the First National Bank of Miami, in which they placed Three Hundred Dollars ($300.00) which belonged to them jointly, and which he cashed out later without notifying her, and used the same for his own purposes.    That in the Fall of 1935, defendant induced plaintiff to place Seventeen Hundred Dollars ($1700.00) of her funds in a joint bank account with him in Coconut Grove, and a few days later cashed the entire amount out, giving her Seven Hundred Dollars ($700.00) thereof, but retaining One Thousand Dollars ($1000.00) for his own purposes, and that defendant has refused to account for any of said sums to plaintiff.

"(1)    That plaintiff suffers from a weak heart and that because of the cruel, inhuman treatment accorded her by said defendant, she has suffered heart attacks and is in danger that she die from such attacks if she is forced to continue to live with said defendant, under the conditions herein mentioned.    That in October, 1936, she suffered a severe attack and had to go to the hospital for a number of weeks, but that said defendant failed, neglected and refused to pay any part of her hospital bills, and that said heart attack was caused by defendant's treatment of her, and his attitude in connection with said $700.00 loan, above mentioned, and that from time to time she has suffered

other severe heart attacks and that she finally was compelled to leave her own home on about June 29, 1937, to protect herself against a recurrence of the bickering and unpleasant relations with said defendant. That said defendant boasts that he will not quarrel, but that his failure to speak or show any affection or take care of his honest obligations, and his failure to show any affection whatever toward plaintiff for long periods of time has more injurious effect upon her than actual quarreling would have and that because of his attitude, she has been deprived of the comfort and companionship of her two daughters on a great many occasions.", — was overruled.

The order overruling the demurrer should be affirmed on authority of the opinion and judgment in the case of Van v. Van, 100 Fla. 612, 129 Sou. 886, and cases there cited.

So ordered.

Affirmed.

WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.