MARCIA R. WALKER v. W. C. WALKER

182 So. 274.
Opinion Filed June 9, 1938.

*A. P. Carnot,* for Appellant;

*Carlton C. Arnow,* for Appellee.

BUFORD, J.—The appeal brings for review order dis-- missing third amended bill of complaint in a divorce suit instituted by a wife against her husband. The suit was based on the ground of "extreme cruelty by defendant to complainant."

"Notwithstanding the marital vows the defendant, W. C. Walker, has for the past two years, while the parties lived in Jacksonville, Florida, the exact dates being unknown to the Plaintiff at this time, conducted himself toward the plaintiff in a most cruel and inhuman manner in that he would ill treat, curse, abuse and berate the plaintiff, and made a continuous practice at said times of accusing the plaintiff of running around and misconducting herself with other men indicating that the plaintiff was having improper relations with said other men and would further accuse the plaintiff of lying in other men's arms, all of which was wholly false and untrue, and on several of said occasions the defendant did make such accusations before the minor child and as a result thereof she was embarrassed and hu- miliated before said minor child.

"That the defendant further would fail to give the plain- tiff sufficient moneys to operate the home and the plaintiff in order to help defray the living expenses was obliged to work and also rented some of the rooms in the home; and on several occasions, the exact dates being unknown to the plaintiff, but within the last past two years, in Jacksonville, Florida, the defendant would fly into fits of rage and again falsely and wrongfully accuse the plaintiff of flirting and having improper relations with some of the roomers, all of which was unfounded, false and untrue.

"That during the year 1936 in the month of June, a more particular date being unknown to the plaintiff at this time,

but in Jacksonville, Florida, the defendant, without any cause or reason, flew into a violent rage and grasped the plaintiff's wrist and pushed her violently against the closet door in their home, and thereby caused the plaintiff most excruciating pain and anguish.

"That during the month of February, 1937, the defendant again flew into a fit of rage in their home in Jacksonville, Florida, and without any cause or reason then and there threatened to 'pound plaintiff to a pulp.'

"That during the first week of July, 1937, the plaintiff went to Jacksonville Beach, Florida, with a lady friend and when she returned to their home at Jacksonville, Florida, the defendant in a loud voice again accused her of 'routing around with some man' and wrongfully accused the plaintiff of having improper relations with said man; that the plaintiff tried to quiet the defendant and the defendant again in a loud voice stated that he did not care who heard him and that he wanted people to know what kind of woman she was, and further stated that he would drag her, the plaintiff, through the mud so deep that when he got through with her people would know what kind of a woman she was.

"That on, to-wit, the 16th day of August, A. D. 1937, the plaintiff was in the kitchen, in their home in Jacksonville, Florida, getting dinner and the defendant came into the kitchen and without any cause or provocation raised his fist to the defendant and threatened to knock her teeth down her throat.

"That on, to-wit, September 4, 1937, plaintiff and her minor child together with some lady friends went to Jacksonville Beach, where the plaintiff and said minor child spent the night with a lady friend; the defendant several days later in Jacksonville, Florida, again without any cause or reason, wrongfully accused the plaintiff of staying out with

another man and having improper relations, all of which was wholly unfounded, false and untrue.

"That between the months of February, 1937, and, to-wit, the 13th day of September, A. D. 1937, in Jacksonville, Florida, the defendant has almost continuously abused the plaintiff as hereinbefore alleged and on several occasions told her to 'get out of the house' and further almost continuously during said time accused the plaintiff of misconducting herself with other men as hereinabove alleged.

"That on, to-wit, the 2nd day of August, A. D. 1937, the plaintiff returned from her sister's funeral and she came back in company with a lady friend and when she arrived at her home in Jacksonville, Florida, the defendant refused to speak to her, and when the plaintiff inquired of the defendant what was the matter with him, he informed her that he wishes she was dead instead of her sister, and further at said time and place accused her of running around and misconducting herself with other men and informed the plaintiff he would rather she had never returned to Jacksonville, Florida.

"That on many occasions during the past two years in Jacksonville, Florida, that the parties lived together, the defendant after falsely accusing her, the plaintiff, as hereinabove alleged, would force his attentions upon her and compel the plaintiff by force to have sexual intercourse with him against her wishes and particularly when she was nervous, irritated, sick, sick and worried by reason of the defendant's cruel treatment as hereinabove alleged.

"That particularly between the second day of August, A. D. 1937, and the thirteenth day of September, A. D. 1937, in Jacksonville, Florida, the defendant's conduct as hereinabove alleged, that is to say, the wrongful accusations of the plaintiff with other men and the defendant telling the plaintiff to 'get out of the house' became worse and worse

from day to day, and the defendant totally ignored and refused to speak to the plaintiff, and refused to contribute any moneys toward the household expenses.

"That, by reason of the premises, the plaintiff became sick, nervous, worried, irritated, upset, and life became an intolerable burden upon her to such an extent that she could not resume the marital relationship with the defendant in safety, and on, to-wit, the 13th day of September, A. D. 1937, the plaintiff was obliged to and did leave the defendant, through no reason of her own; and since said time she has been living separate and apart from the defendant and is at the present time living separate and apart from him with the said minor child; and she feels by reason of the defendant's extreme cruelty as hereinabove alleged, that it is impossible for her to resume the marital relationship with the defendant, and it would be wholly impractical and unsafe to her health to do so, and the plaintiff is still severely nervous, ill and irritated, and is suffering in mind and body and will continue so to suffer for a long time."

The Chancellor held these allegations insufficient.

We are unable to concur with the learned Chancellor. We must hold that the allegations are entirely sufficient to demand answer, and the proof of allegations would warrant decree of divorce, on authority of the opinions and judgments in the cases of Nolan v. Nolan, 121 Fla. 130, 163 Sou. 401; Curry v. Curry, 120 Fla. 28, 162 Sou. 152; Walstron v. Walstron, 124 Fla. 366, 168 Sou. 532; Roebling v. Roebling, 119 Fla. 768, 161 Sou. 715; Gratz v. Gratz, 127 Fla. 605, 173 Sou. 442.

The order is reversed and the cause remanded, with directions for further proceedings in accordance with law and rules of equity.

So ordered.

686

Reversed and remanded.

WHITFIELD, TERRELL, BROWN and CHAPMAN, J. J., concur.