CHARLES MURRAY GRATZ v. BERNICE WEST GRATZ

188 Sou. 580.
Division A.
Opinion Filed April 25, 1939.
Rehearing Denied May 17, 1939.

*John S. Lavin* and *Irving I. Goldsmith,* New York City,
for Appellant;
*E. W. & R. C. Davis,* and *J. W. Hunter,* for Appellee.

THOMAS, J.—This case was before this Court on an appeal from an order denying motions to strike and to dismiss the bill of complaint. The pleading was held sufficient by decision of this court, Gratz v. Gratz, 127 Fla. 605, 173 South. Rep. 442.

From the very lucid presentation of the facts and law of the case by counsel for the two litigants, we feel that the allegations of the bill, particularly with reference to the charge of extreme cruelty, have been substantiated by the evidence.

Cruelty need not be actual bodily harm, but it is enough to sustain the charge where it is established that there was a course of conduct on the part of the defendant calculated to torture "the mental or emotional nature" and which would "go to the extent of affecting bodily health." One form of misconduct, which may form the basis of such an averment, is the maligning of near relatives held·dear by the complaining party. Williams v. Williams, 23 Fla. 324, 2 South. Rep. 768; Donald v. Donald, 21 Fla. 571, text 574.

There seems to have been an abundance of testimony to show repeated declarations by the appellant execrating appellee's parents, and applying to them humiliating and profane epithets. These expressions, at a time when the domestic atmosphere was far from tranquil, were obviously intended to injure her sensibilities and cause her mental distress.

Appellant assumes that the wife could not establish a residence in Florida and thus confer jurisdiction on the courts here while her husband was domiciled in New York, and adds that an amendment to the bill, setting out that subsequent to the filing of the original bill he had obtained a decree of separation in New York, would not confer this jurisdiction.

We see no relevancy of the action of the New York Court to the suit pending here.

The wife could adopt a domicile other than her husband's in the circumstances reflected by this record, that is, to bring suit for divorce, and her marital status would be governed by the law of the domicile acquired, Herron v. Passailaigue, 92 Fla. 818, 110 South. Rep. 539. Having this right it was unimportant that after suit was instituted here and before the amended bill was filed, the husband sought and obtained a decree in the state of his residence.

"It would be irrational and absurd to say that the court which had first acquired jurisdiction should arrest its proceedings because the court of another government having concurrent jurisdiction over the same subject matter and parties had *subsequently* attempted to take jurisdiction of the case." Wood v. Lake, 13 Wis. 84, text 94; Missouri K. & T. Ry. Co. v. Bradshaw, 37 Okl. 317, 132 Pac. Rep. 327, text 328.

We are inclined to view that the provision in the final decree affecting the care of the minor male child of the parties should be made more liberal in favor of the appellant as the child becomes older, and apparently this was the opinion of the chancellor when he expressly restrained jurisdiction for the purpose of further regulating such custody. As the circumstances of the child, or those of his parents, change, the court will always be open to entertain petitions for orders to preserve the welfare of the minor. In the present status of the case there seems no reason to place the stamp of impropriety on what the court has done.

The decree is affirmed.

TERRELL, C. J., and BUFORD, J., concur.

WHITFIELD, concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687 Compiled General Laws of 1937 and Rule 21-A of the Rules of this Court.