ELIZABETH CARROLL HENDERSON v. PARKER A. HENDERSON, JR.

189 So. 24
Division A.
Opinion Filed May 19. 1939.

*Charles N. Moon* and *A. N. Spense* and *Heard W. Dent* (of Atlanta, Georgia), for Appellant;

*John M. Murrell* and *Worley & Gautier,* for Appellee.

THOMAS, J.—The Chancellor entered his decree granting a divorce *a vinculo matrimonii* to the complainant husband, reciting therein that the testimony was taken orally before the court. The defendant wife was charged in the bill of

complaint with extreme cruelty and having a violent and ungovernable temper.

Giving the weight to the decree to which it is entitled, particularly where the evidence is introduced before the chancellor as distinguished from a master, we have studied the record and briefs in our effort to determine whether the defendant, appellant here, should be upheld in her contentions that the evidence was insufficient to support the charges and that condonation was established.

The marriage of the parties was of but a few weeks duration. Hardly had the echo of wedding bells become stilled when the husband was seized with a serious illness and found himself in a hospital. There he was informed that he was suffering from a kidney ailment which necessitated an operation and that before this could be attempted it would be necessary to build up his strength.

While thus confined the wife paid him many visits during which her conduct fell far short of aiding him in the preparation to meet the ordeal of a major operation. Testimony was given that she showed general displeasure at the inconvenience she was experiencing because of an ailing husband, which even reached such an extent that she slammed doors, berated him, exclaiming on one occasion that she cared not whether he recovered, emphasizing the remark with profanity. Upon leaving the hospital to spend the Christmas holidays at home, without, however, having undergone the operation, general disagreement continued until the wife was induced to go to the home of her parents in another State while the husband returned to the hospital for medical treatment against the day when the operation would be performed in an effort to restore his health.

The husband did not carry out his plans for further hospitalization, the wife returned to him, the quarrel was renewed and the separation occurred, culminating in the

divorce. The misconduct of the wife after rejoining her husband consisted mainly of aspersions cast upon his mother and embarrassment caused him by her treatment of those whom he held dear. We will devote our observations to the question whether extreme cruelty was established by the facts.

The rule was announced in Palmer v. Palmer, 26 Fla. 215, 7 South. Rep. 864, that one could not prevail on this ground in the absence of actual bodily violence unless the conduct otherwise injured health or rendered cohabitation intolerable and unsafe or gave rise to fear of bodily harm rendering discharge of marital duties impracticable. This enunciation appears also in Hayes v. Hayes, 86 Fla. 350, 98 South. Rep. 66.

Thus it is readily seen, as stated by Mr. Justice TERRELL in Baker v. Baker, 94 Fla. 1001, 114 South. Rep. 661, that:

"Extreme cruelty as ground for divorce under our statute is by no means confined to physical violence. It includes in addition to physical violence, such conduct on the part of either spouse as would produce in the other continuous, intense mental pain and suffering, danger to health, or a forced abnegation of the marital relation." 114 South. Rep. 663.

In applying these rules to the facts and circumstances of a particular case the current health of the party against whom misconduct is directed is a very important element for consideration. Naturally a robust person free from physical defect and mental worry would be less affected than one sick in mind and body. The demeanor of the wife in this case, as the witnesses have described it, would have been, to say the least, annoying to a person unworried and of full strength, but to a man in the mental and physical state of appellee it was of such nature as to substantiate the charge of extreme cruelty.

What we have stated applies, too, to the actions of the wife after her return and the apparent appeasement. It was urged that she was not guilty of such conduct as would revive any former cruelty on her part. Condonation is conditioned upon good treatment and conjugal kindness after reconciliation. Williams v. Williams, 23 Fla. 324, 2 South. Rep. 768.

The behavior of the wife after the reunion in belittling the husband's family (see Gratz v. Gratz, decided this term) and especially while he was in such a poor state of health was such as to revive the acts of cruelty before the separation.

We decide that the decree should be, and it is,

Affirmed.

TERRELL, C. J., and BUFORD, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687 Compiled General laws of 1927 and Rule 21-A of the Rules of this Court.