ALFAR M. EBERHARDT v. ELIZABETH BAILEY EBERHARDT.

197 So. 789
Special Division B
Opinion Filed September 17, 1940

*Albert C. Fordham,* for Petitioner;

*Blackwell & Donnell,* for Respondent.

CHAPMAN, J.—On petition for a writ of certiorari it is contended here that the Circuit Court of St. Lucie County, Florida, erred in its order dated June 20, 1940, overruling and denying a motion to dismiss the amended bill of complaint on the grounds: (a) that the allegations thereof were not sufficient in law to entitle the plaintiff to a decree of divorce; (b) that the facts alleged therein fail to show that the conduct of the defendant renders it impossible to perform the marital duties; (c) the allegations of the amended bill are vague, indefinite and uncertain and fail to allege facts so as to enable defendant to prepare his defense; (d) the facts as alleged are insufficient to support a decree for plaintiff.

The amended bill of complaint alleged that the parties married on November 18, 1924, and lived together as husband and wife until May, 1938, and defendant was approximately twenty years older than the plaintiff. One of the grounds appearing in paragraph 6 of the amended bill is that of desertion. Numerous allegations appear in paragraph 6 preceding the allegation of desertion, viz.:

" * * * Finally, in May, 1938, the mother of plaintiff served notice on the plaintiff and the defendant that she was surrendering the lease on the pretentious apartments in 1019 Bryn Mawr Apartments, Chicago, Illinois, and was going to take a smaller apartment. Thereafter, within two

or three days, the defendant entered the apartment during the absence of plaintiff and her mother and not only took all of his personal effects but various wedding presents and other property of the plaintiff and defendant and moved them to his sister's home where he took up his permanent residence. He made no provision whatsoever for providing a residence for the plaintiff and the plaintiff was forced to go and live with her mother and forced to become entirely dependent on her mother for her support down to the present date. That defendant deliberately left plaintiff in May, 1938, took up his abode at his sister's home as aforesaid and has refused to live with plaintiff ever since and has refused to provide a place for her to live and has refused to contribute to her support, all of which has been wilful, obstinate and continuous for more than twelve months next prior to the filing of his bill of complaint."

It appears that the allegations, *supra,* meet the requirements of the statute as to wilful, obstinate and continuous desertion for more than twelve months prior to the filing of the bill of complaint. See Fielding v. Fielding, 67 Fla. 143, 64 So. 546.

We have examined the allegations of the amended bill in the light of the contention that the same are legally insufficient to constitute the charge of extreme cruelty. We fail to find merit in this contention. See Roebling v. Roebling, 119 Fla. 768, 161 So. 715; Gratz v. Gratz, 127 Fla. 605, 173 So. 442; Dowdy v. Dowdy, 132 Fla. 638, 181 So. 901.

It is next contended that the lower court erred in its order overruling and denying the defendant's motion to strike described portions of the amended bill of complaint. The lower court sustained the motion in part and overruled it in part. We fail to find merit in this assignment.

The orders assigned as error are each hereby affirmed and the petition for a writ of certiorari is denied.

It is so ordered.

WHITFIELD, P. J., BUFORD and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BROWN and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.