LEWIS GERSHOWITZ v. ELSIE GERSHOWITZ

12 So. (2nd) 463                                        January Term, 1943
March 23, 1943                                                   En Banc

*Roland W. Granat,* for appellant.

*Herman Wepman,* for appellee.

BUFORD, C. J.:

On appeal we review final decree dismissing bill of complaint and also dismissing appellee's counter-claim and requiring the plaintiff-husband to pay the fee of the master in the sum of $50.00 and $150.00 attorney's fees, and denying relief recommended by the master by way of an allowance for separate maintenance to the wife. In the master's report it is recommended that the bill of complaint be dismissed because residence of the plaintiff in Florida had not been sufficiently proved. We are not advised by the language of the decree upon what ground the bill was dismissed. Therefore, we have carefully considered the record to determine whether or not the decree dismissing the bill is warranted.

We find no error in the order allowing the master's fee and solicitor's fee.

Our conclusion, however, is that the proof of residence of the plaintiff in Florida was sufficiently established to confer jurisdiction on the court and we also find that the allegations of the bill to the effect that the defendant has been guilty of extreme mental and physical cruelty to the plaintiff have been sufficiently established by the proof to warrant the granting of a divorce to the plaintiff.

It can serve no useful purpose for us to detail evidence upon which we base this finding but it is sufficient to say that such finding is supported by our opinions and judgments in the cases of Gratz v. Gratz, 137 Fla. 709, 188 So. 580; Henderson v. Henderson, 137 Fla. 170, 189 So. 24; Baker v. Baker, 94 Fla. 101, 114 Fla. 661; Diem v. Diem, 141 Fla. 260, 193 So. 63; Bergman v. Bergman, 145 Fla. 10,199 So. 920; Ross v. Ross, 148 Fla. 294, 4 So. (2nd) 332.

It, therefore, follows that the decree must be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

So ordered.

TERRELL, BROWN, CHAPMAN and ADAMS, JJ., concur.

THOMAS and SEBRING, JJ., dissent.

THOMAS, J., dissenting:

My view is that jurisdiction was not shown and that the master's recommendations should have been sustained, therefore I dissent.

SEBRING, J., dissenting:

I concur in the views stated by Mr. Justice THOMAS. Therefore, I dissent.