**OLA B. HAHN v. JEROME L. HAHN**

15 So. (2nd) 292
October 15, 1943

June Term, 1943
Division B

*W. D. Bell,* for appellant.

*E. M. Magaha,* for appellee.

BUFORD, C. J.:

The appeal brings for review final decree dismissing bill of complaint in a divorce suit which was heard upon bill, answer and testimony taken before the court.

The record shows that the parties were married on October 10th, 1942, and lived together as man and wife until about December 5th, 1942; that about two weeks after the marriage the defendant-husband told the wife that he did not love her; that he did not know why he had married her; that he loved another girl and wanted a divorce so he could

go and marry the other girl. The testimony is that he repeated these things to the wife night after night; in fact, as she says, he told her these things every night when he came home. He also showed her letters which he received from the other girl and accused his wife of going out with other men. The uncontradicted testimony shows that she did not go out with other men; that she did all she could to be agreeable and to make his life pleasant and to perform every duty devolved upon her as a wife.

The overt or affirmative act deliberately committed by one spouse toward the other with the knowledge on the part of the actor that such act will cause the other spouse great mental pain and suffering may constitute extreme cruelty, although the spouse committing such act may honestly believe that he or she has the right to pursue such course.

It is now well recognized that mental pain and suffering (commonly called worry) are among the most important hazards to both mental and physical health.

The spouse who gets drunk and beats the other may be condemned as a brute. but certainly is no worse than that other spouse who will neither drink nor fight, but will deliberately do those things which he or she knows will cause his or her spouse to suffer great mental pain and anguish, leaving mortal wounds upon the mind and heart, even though no scars are to be seen and no blood is spilled.

We think the record is sufficient to show the wife entitled to a divorce under the rules enunciated in Henderson v. Henderson, 137 Fla. 770, 189 Sou. 24; Gratz v. Gratz, 137 Fla. 709, 188 So. 584; Roebling v. Roebling, 119 Fla. 768, 161 So. 715; Diem v. Diem, 141 Fla. 260, 193 So. 65; Greisen v. Greisen, 146 Fla. 94, 200 So. 523.

Therefore, the decree is reversed with directions that a decree be entered not inconsistent with the views herein expressed.

So ordered.

BUFORD, C. J., BROWN, THOMAS and SEBRING, JJ., concur.