### ELINOR LOUISE O'NEILL v. FRANK BRENNAN O'NEILL

26 So. (2nd) 337                                  January Term, 1946
May 31, 1946 .                                     Special Div. B.

*Lanas Troxler,* for petitioner.

*Charles E. Flynn,* for respondent.

BUFORD, J.:

Petition for certiorari under Rule 35 brings for review order dismissing bill of complaint.

The purpose of the bill was to procure divorce on the ground of extreme cruelty by defendant to complainant.

The bill was dismissed with leave to amend on motion because the Chancellor held that the allegations of facts alleged to have constituted the acts of cruelty were insufficient.

The bill alleged that the parties had been married since September, 1939. That plaintiff had at all times since the marriage been a true, loyal and devoted wife. That from a

time soon after the marriage to the time of the filing of the bill the defendant "has engaged himself in the habitual avocation of gambling, and thusly has become and is a professional gambler, plying his dishonorable trade in and among gambling houses and night-clubs in the vicinity of Jacksonville, Florida, and has more recently, a short time before the filing of this bill of complaint, left his home and family and gone to West Palm Beach, Florida, there to follow his trade in one of the more fashionable gambling houses, the latter venture being prosecuted over plaintiff's strongest protests. That although the said defendant, on occasions, has promised the plaintiff that he would desert such pursuits and secure a regular job, he, the said defendant, only once or twice fulfilled his promise in this respect, but contrary to the wishes and desires, and over the protest, of the plaintiff, the defendant has persisted in such gambling habits. That with the exception of the few months earlier in their married life, hereinbefore mentioned, and a few other months when the defendant was a member of the Merchant Marines in the latter months of the recent World War II, during their entire married life the defendant for an income has relied largely on the fruits of his gambling activities, which said income has at times been of an unsteady nature, and that the plaintiff has on occasions been compelled to procure employment in order to place the household economy on a more substantial basis. That coincident with plaintiff's gambling habits, the defendant absents himself from home late at nights, thus depriving the plaintiff of the society and companionship of her husband when it is not necessary to do so.

"5. That the plaintiff is of a refined nature and to continue as the wife of a professional gambler is obnoxious to her sense of decency and good morals. That the course of conduct pursued by the said defendant for the past several years, as hereinabove in paragraph 4 set forth, has become generally known among plaintiff's friends, associates and members of her family, and that as a result the plaintiff is humiliated and embarrassed in their presence. That because of all this the plaintiff has suffered intense mental anguish, requiring occasional medical attention, and plaintiff has been rendered in-

capable of further discharging her marital duties toward the defendant. That because of defendant's course of habits as aforesaid, plaintiff's health has been damaged to such an extent as to render continued cohabitation with the defendant intolerable and unsafe."

We hold that the allegations are sufficient, if proved, to show extreme cruelty under the enunciations of this court in the cases of Grady v. Grady, 123 Fla. 690, 167 So. 522; Hahn v. Hahn, 153 Fla. 584, 15 So. (2nd) 292, Henderson v. Henderson, 137 Fla. 770, 189 So. 24; Gratz v. Gratz, 137 Fla. 709, 188 So. 580, 584; Roebling v. Roebling, 119 Fla. 769, 161 So. 715; Diem v. Diem, 141 Fla. 260, 193 So. 65; Greisen v. Greisen, 146 Fla. 94, 200 So. 523.

So certiorari is granted and the order challenged is quashed and the cause is remanded for further proceedings.

So ordered.

CHAPMAN, C. J., BROWN and SEBRING, JJ., concur.