PER CURIAM.
The defendant, wife, appeals a final decree of divorce. She urges, first that the complaint fails to state a cause of action; second, that the findings of fact made by the chancellor are clearly erroneous, and third, that the failure to grant alimony of more than $400 per month was an abuse of discretion.
We hold that the complaint stated a cause of action in that it alleged a course of conduct which the chancellor could find constituted extreme cruelty because it rendered further cohabitation intolerable and impaired plaintiff’s health. Roebling v. Roebling, 119 Fla. 768, 161 So. 715 (1935); Diem v. Diem, 141 Fla. 260, 193 So. 65 (1940) ; Lentz v. Lentz, Fla.App.1960, 120 So.2d 815.
The second ground presented goes to the sufficiency of the evidence. Appellant’s attack is two-fold in that she urges (a) that the evidence was patently manufactured and (b) that there was not sufficient corroboration. As to the argument that the evidence was given undue weight by the court, we are committed to the rule that the weight of the evidence is a matter for the trier of fact. Lauderdale v. Lauderdale, Fla.App.1957, 96 So.2d 663. Upon the argument that there was not sufficient corroboration, we hold that the corroboration is sufficient in view of the fact that this was a strenuously contested proceeding and in such cases corroboration of every element is not required. Dings v. Dings, Fla. App.1964, 161 So.2d 227.
Appellant’s third point is directed to the sufficiency of alimony. This is a matter particularly within the discretion of the trial judge. Pross v. Pross, Fla.1954, 72 So.2d 671. In this instance there has been no showing of an abuse of discretion by the chancellor. The main thrust of appellant’s argument is her prospect of large medical bills. In the event that her health is such that unusual doctors’ bills are in *546 curred, such a change in circumstances would be the basis for an application to the trial court, pursuant to § 65.15, Fla.Stat. 1963, F.S.A., for a modification of alimony.
Affirmed.